Ex parte
Van Hoesen

*The return to a certiorari will not be set aside because the attorney for the plaintiff in error wrote it, if he acted as the mere amanuensis of the justice.*

---

### *Ex parte* VAN HOESEN.

J. PLATT moved for a mandamus to the Judges of Columbia C. P. commanding them to vacate a rule quashing an appeal from the Justices' Court of the city of Hudson, brought by Van Hoesen against M'Kinstry.

The case was this: Van Hoesen appealed from a judgment against him for damages and costs in favor of M'Kinstry; and the appeal bond was executed in the name of Van Hoesen by A. L. Jordan, as his attorney. M'Kinstry moved the C. P. to quash the appeal, and the affidavits there were contradictory upon the question whether Jordan the court of common pleas, and filing it, is a sufficient answer. That court may then order the power to be filed with the clerk.

*On appeal from a justice's court, the bond required by the statute may be executed by attorney. And, to a motion to quash the appeal for want of a proper bond, the exhibition and proof of the power, before*

UTICA,
Aug. 1825.

Ex parte
Van Hoesen.

presented his authority to execute the bond to the justices of the Court below; but it appeared to the C. P. that he had a written authority for that purpose, when the bond was executed, which was there exhibited on the motion, and proved. The C. P. quashed the appeal, and thereupon Van Hoesen's counsel offered to file and did file the bond with the clerk; but the Court held this insufficient.

*Platt* cited Laws, sess. 47, ch. 238, s. 36, 37.

He contended that the bond was well executed; it was enough that the authorization was proved when the fact of execution was contested. It need not even be in writing. This is according to the principles of the common law. The statute is silent. A power of attorney to execute a mortgage need not be recorded. (*Wilson* v. *Troup,* 2 Cowen's Rep. 195.) This is upon the principle, that the power to execute is no part of the deed.

*D. B. Tallmadge* and *E. Williams,* contra. If the appeal was not prosecuted according to law, it was the right, and the duty of the C. P. to quash it. The approbation which the justices are authorized to endorse on the bond, relates merely to the sufficiency of the surety. A proper bond must be executed, according to the statute cited, within ten days after the judgment rendered; and unless this be done, the appeal cannot be received. It must be a perfect bond within the ten days. Is a bond given by an attorney, but not accompanied by the power to execute it, sufficient? All bonds cannot be given by attorney. Where there is a judgment, and the execution is to be prevented, the law may very properly demand a signing in person. The sheriff should see this done in the case of a limit bond; and a bond to prosecute a writ of error must be given in person. The act expressly authorizes the notice of the appeal to be signed by the party, or his *attorney;* but when speaking of the bond, there is no such alternative. This language implies the distinction for which we contend. May it, as the gentlemen contends, be one half in writing, and the other by parol? Is a man to be driven round the country to search both for the attorney who executes, and the witnesses, to

prove his parol authority? It should, at any rate, have been in writing, and actually filed, before the Court could entertain the appeal. It was an integral part of the bond; nay, the vital principle of its existence. The party could never enforce it, without the use of the power, which should be furnished in the first instance, without driving the party to his motion, in order to obtain it. In other cases, the attorney is bound to show his power in the most full and distinct manner. The *onus* lies with him; and if he fails to do this, he is personally liable. ( *White* v. *Skinner*, 13 John. Rep. 307.) But,

*The Court* were clear that the motion must be granted; and

WOODWORTH, J. said, the statute speaks of a bond; but whether this be executed in person or by attorney, it is the same thing. Indeed, there are many cases where the party cannot execute in person, as in case of sickness or necessary absence; and the statute would never impose the strictness contended for, without excepting such cases. Yet there is no exception. Requiring the party to execute the bond in person, would in various cases, work an absolute deprivation of right. It is enough, that the bond was, in point of fact, valid in its creation. To be sure, it was reasonable in the Court below, to require that the authority should be filed. On its production, and being proved, they might have compelled the party to file it, as one of the papers relating to the motion before them. They should have done so, and retained the cause. It was afterwards filed, and still remains on file. The statute is clearly satisfied; and the motion should be granted.

<div align="right">Motion granted.</div>

<div align="right" style="margin-top:-40em">UTICA,<br>Aug. 1825.</div>

<div align="right">Ex parte<br>Van Hoesen.</div>